Margaret Willett
316 Prospect St., Unit 1
La Jolla, CA 92037
Ph: (858) 525-1485
margaretwillett@yahoo.com

Plaintiff in Pro Se

**FILED**

Oct 19 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ s/ Josepht _____ DEPUTY

# THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET WILLETT<br><br>        Plaintiff<br><br>vs.<br><br>ALEX PROCOPIO, an individual;<br>and as CEO & President of Cuba<br>Beverage Company; LUKE ZOUVAS<br>an individual; MARK ZOUVAS, an<br>individual, and as CFO of Cuba<br>Beverage Company; JONATHAN M.<br>SHIFF, an individual; and DOES 1-10<br>INCLUSIVE<br><br>        Defendants | Case No: **'17CV2144 LAB JMA**<br><br>VERIFIED COMPLAINT FOR<br>DAMAGES FOR:<br><br>1. Fraud in the Offer or Sale of<br>   Securities ( Violations of Section<br>   17(a) of the Securities Act;<br>2. Fraud in Connection of The Sales<br>   And Purchase of Securities<br>   (Violations of of Section 10(b)<br>   of the Exchange Act and Rule<br>   10b-5 thereunder);<br>3. Conspiracy;<br>4. Investment Fraud;<br>5. Fraudulent Inducement;<br>6. Concealment Fraud;<br>7. Constructive Fraud;<br>8. Monetary Conversion;<br>9. Accounting;<br>10.  Constructive Trust;<br>11. Breach of Fiduciary Duties<br>    (And Aiding And Abetting Thereof)<br>12. Restitution (Unjust Enrichment)<br><br>JURY DEMANDED |

/././

/././

/././

1   Margaret Willett
    316 Prospect St., Unit 1
2   La Jolla, CA 92037
    Ph: (858) 525-1485
3   margaretwillett@yahoo.com

4

5   Plaintiff in Pro Se

6

7

8                  THE UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  MARGARET WILLETT
                                            Case No:
12          Plaintiff
                                            VERIFIED COMPLAINT FOR
13  vs.                                     DAMAGES FOR:

14                                            1. Fraud in the Offer or Sale of
    ALEX PROCOPIO, an individual;               Securities ( Violations of Section
15  and as CEO & President of Cuba             17(a) of the Securities Act;
    Beverage Company; LUKE ZOUVAS          2. Fraud in Connection of The Sales
16  an individual; MARK ZOUVAS, an             And Purchase of Securities
    individual, and as CFO of Cuba            (Violations of  of Section 10(b)
17  Beverage Company; JONATHAN M.             of the Exchange Act and Rule
    SHIFF, an individual; and DOES 1-10       10b-5 thereunder);
18  INCLUSIVE                                3. Conspiracy;
                                            4. Investment Fraud;
19                                            5. Fraudulent Inducement;
            Defendants                      6. Concealment Fraud;
20                                            7. Constructive Fraud;
                                            8. Monetary Conversion;
21                                            9. Accounting;
                                           10.  Constructive Trust;
22                                           11. Breach of Fiduciary Duties
                                               (And Aiding And Abetting Thereof)
23                                           12. Restitution (Unjust Enrichment)

24                                              JURY DEMANDED

25

26  /./.

27  /./.

28  /./.

1  Plaintiff, Margaret Willett, on her own behalf, hereby alleges the

2  following based on her own personal knowledge, information and belief:

3  **JURISDICTION AND VENUE**

4  This Court has jurisdiction over this action pursuant to Sections 20(b),

5  20(d)(1), and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§

6  77t(b), 77t(d)(1), & 77v(a), and Sections 21(d)(1), 21(d)(3)(A), 21(e), and 27 of

7  the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1),

8  78u(d)(3)(A), 78u(e) & 78aa. The Court has supplemental jurisdiction over

9  Plaintiffs state claims under 28 U.S. Code § 1367.

10  Defendants have, directly or indirectly made use of the means or

11  instrumentalities of interstate commerce, of the mails, or of the facilities of a

12  national securities exchange, in connection with the transactions, acts, practices

13  and courses of business alleged in this complaint.

14  Venue is proper in this district pursuant to Section 22(a) of the

15  Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15

16  U.S.C.§ 78aa, because the defendants reside and conduct business in the district

17  and because certain of the transactions, acts, practices, and courses of conduct

18  constituting violations of the federal securities laws occurred within this district.

19  **PARTIES**

20  1. At all relevant times herein, the Plaintiff, Margaret Willett, resided in

21  and continues to reside in the County of San Diego, State of California.

22  2. Plaintiff is informed and believes, that Defendant, Alex Procopio

23  (hereinafter, "Procopio"), was at all times relevant, the CEO and President of Cuba

24  Beverage Company, Inc., (hereinafter, "CUBA") a suspended Wyoming

25  Corporation, with its principal place of business located at 655 India St., San

26  Diego, County of San Diego, State of California.  Procopio is also believed to

27  personally reside within San Diego County.

28  /././

3. Plaintiff is informed and believes that Defendant, Luke Zouvas (hereinafter, "Luke Z"), was at all times relevant hereto, both legal counsel and an insider/stockholder of CUBA and is also believed to personally reside within San Diego County.

4. Plaintiff is informed and believes and thereon alleges that Defendant, Mark Zouvas (hereinafter, "Mark Z."), is and was at all relevant times, the CFO of Cuba and an insider stockholder, and is believed to be a resident of San Diego County.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant, Jonathan Shiff is an individual, and was also legal counsel for Cuba and an insider and stockholder and resides in San Diego County.

6. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, and therefore sue such Defendants by such fictitious name. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff are informed and believe and, based thereon, allege that each of the fictitiously named Defendant is responsible in some manner for the injuries to Plaintiff as alleged herein and that such injuries as herein alleged were proximately caused by such Defendants.

7. Plaintiff is further informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants was the agent, employee, corporate officer or co-conspirator of the remaining Defendants, and based on said alleged status, was/were acting within the course and scope of such agency, employment corporate position nd/or, common scheme.

## SUMMARY OF ALLEGATIONS

8. In September 2010, Plaintiff Margaret Willett, (hereinafter "WILLETT") was approached by Jonathan M. Shiff (hereinafter, "SHIFF"), (an insider), to invest proceeds from an insurance settlement received from the death of her father in an energy drink manufactured by a company called CUBV.

- 3 -

9.  Shiff is an attorney who was representing CUBV's CEO, Defendant, Alex Procopio, (hereinafter, "PROCOPIO"). At that time CUBV was being sold in Costco stores. The Company was also promoted to have just won a national energy drink contest in Miami, Florida.

10.  Plaintiff invested a total of $150,000 in the Cuba Beverage Company directed by its current CEO, Defendant Alex Procopio, for a 5% share in the company which equaled two million shares of the agreed forty million share issuance. <u>These shares were agreed to be non-dilutional</u>. Plaintiff was to have received from SHIFF all necessary paperwork to complete this agreement, including, but not limited to, stock certificates. however none of the paperwork and/or stock certificates were delivered to Plaintiff by SHIFF.

11.  SHIFF would go on to be the "handler" of monies being distributed from the CUBV IPO. Plaintiff is informed and believes that millions of dollars worth of proceeds from the CUBV IPO were received by SHIFF. Repeated requests by Willett to get information and obtain her stock certificates from Shiff went unanswered and ignored.

12. CUBV was brought public @ $1.00 per share in November 2010, however Plaintiff received no stock or proceeds from the IPO event. Plaintiff thereafter discovered that the insiders (Defendants herein), and promoters began to liquidate the securities in a classic "Pump and Dump" scheme.[1]

13.  Immediately, numerous phoney and false press releases were issued by CUBV even though the stock continued to drop. Plaintiff still received no shares, however she discovers that insiders including Procopio, Shiff, Luke Zouvas Mark Zouvas continue to sell off their shares.

/././

---

[1] .Pump and dump is a scheme that attempts to boost the price of a stock through recommendations based on false, misleading or greatly exaggerated statements. The perpetrators of this scheme, who already have an established position in the company's stock, sell their positions after the hype has led to a higher share price.

14.  Plaintiff finally receives a total of 1,036,378 RESTRICTED shares of CUBV stock after the insiders (Defendants herein) sold their shares, which she could not sell, and for an amount far less than what was promised.

15.  The Cuba Beverage Company quarterly report dated August 15, 2015 reported zero sales, zero inventory and zero cash, and yet Defendant Procopio "awarded" himself FIVE HUNDRED MILLION  (500,000,000) SHARES of Cuba Beverage Company stock in exchange for just $5,000 worth of debt he claimed was owed to him.  In addition defendant Procopio "awarded" "four independent parties" alleged to be Procopio's lawyers at the Zouvas Law Group, including, but not limited to, Luke Zouvas, and the brother of Luke Zouvas (not a member of the firm), Mark Zouvas, TWO HUNDRED AND TWENTY MILLION (220,000,000) SHARES of Cuba Beverage Company in return for just $2,200 of total alleged debt for these shares.

16.  These artificially-valued awards of stock to defendants and the Zouvas Law Group have destroyed the value of all other Cuba Beverage Company shareholders stock and have wiped out the investments of innocent shareholders in Cuba Beverage Company.  Yet, at or about the same time, CUBA was paying Penny Stock reviewers over $60,000, to falsely pump up the value of the stock, for the purpose of attracting unwitting investors to buy the inflated shares, and then having certain insiders (defendants herein) then suddenly sell the over-valued shares – effectively stealing money directly from the innocent share purchasing public. .

17. In September 2015, Plaintiff asked Defendant Procopio to provide her with a list of shareholder names, and other information relating to the above-referenced shares transfers Procopio was further ordered to do so by San Diego Superior Court Judge Frederick A. Mandabach on September 18, 2015. To date, no such information has been produced.

/./././

- 5 -

18.  Earlier in 2015, Plaintiff demanded that these shares be returned to the company and that Procopio immediately resign as CEO and demanded that the Board of this corporation investigate these claims and take the actions requested within 10 days of the date of the Demand letter.

19. Plaintiff further demanded that these shares be returned to the company and that Defendant Procopio immediately resign as CEO, and that the Board of this corporation investigate these claims and take the actions requested within 10 days of the date of this letter.

20.  The company now known as CUBA, has a long history of name changes, and following monetary trends such as metals in the early part of this century, then real estate at its peak in 2006, and now, jumping on the health drink craze with an herbal energy drink, which it marketed for a short time.  In each case, the company was funded by penny stock sales, the value of which it consistently pumped up with paid promotions by Penny Stock gurus and web sites, after which, the stock was dumped at the peak of its value, with the bulk transferred to insiders for resale, leaving investors such as the Plaintiff with penniless paper with no value.

21.  Plaintiff is informed and believes and thereon alleges that Procopio, Shiff, Luke Zouvas Mark Zouvas all unlawfully enriched themselves in this fraudulent Pump and Dump scheme.

FIRST CLAIM FOR RELIEF
FRAUD IN THE OFFER OR SALE OF SECURITIES
Violations of Section 17(a) of the Securities Act
(As to All Defendants)

22. Plaintiff re-alleges and incorporate herein by reference the allegations made in ¶¶ 1 through 21, as fully set forth above.

23. Defendants ALEX PROCOPIO, LUKE ZOUVAS, MARK ZOUVAS, and JONATHAN M. SHIFF , and each of them, by engaging in the conduct described above, directly or indirectly, in the offer or sale of securities by the use

1  or means or instruments of transportation or communication in interstate

2  commerce or by use of the mails:

3       a. with scienter, employed devices, schemes, or artifices to defraud;

4       b. obtained money or property by means of untrue statements of a

5  material fact or by omitting to state a material fact necessary in order to make the

6  statements made, in light of the circumstances under which they were made, not

7  misleading; or

8       c. engaged in transactions, practices, or courses of business which

9  operated or would operate as a fraud or deceit upon the purchaser.

10       By engaging in the conduct described above, each of the defendants

11  violated, and unless restrained and enjoined will continue to violate, Section

12  17(a) of the Securities Act, 15 U.S.C. § 77q(a).

13  SECOND CLAIM FOR RELIEF

14  FRAUD IN CONNECTION WITH THE PURCHASE<br>OR SALE OF SECURITIES

15  (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder)<br>(As to All Defendants)

16

17       24.  Plaintiff re-alleges and incorporates herein by reference the allegations

18  made in ¶¶ 1 through 23, as fully set forth above.

19       25. Defendants Alex Procopio, LUKE ZOUVAS, MARK ZOUVAS, and

20  JONATHAN M. SHIFF ,and each of them, by engaging in the conduct described

21  above, directly or indirectly, in connection with the purchase or sale of a security,

22  by the use of means or instrumentalities of interstate commerce, of the mails, or

23  of the facilities of a national securities exchange, with scienter:

24       a. employed devices, schemes, or artifices to defraud;

25       b. made untrue statements of a material fact or omitted to state a material

26  fact necessary in order to make the statements made, in the light of the

27  circumstances under which they were made, not misleading; or

28

1  c. engaged in acts, practices, or courses of business which operated or

2  would operate as a fraud or deceit upon other persons.

3      26. By engaging in the conduct described above, each of the defendants

4  violated, and unless restrained and enjoined will continue to violate, Section

5  10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17

6  C.F.R. § 240.10b-5.

7  **THIRD CLAIM FOR RELIEF**
CONSPIRACY TO COMMIT FRAUD

8  (Asserted against all Defendants)

9      27. Plaintiff re-alleges and incorporates herein by reference the allegations

10  made in ¶¶ 1 through 26, as fully set forth above.

11      28. As long as two or more persons agree to perform a wrongful act, the

12  law places civil liability for the resulting damage on all of them, regardless of

13  whether they actually commit the tort themselves.  The effect of alleging

14  conspiratorial conduct is to impose liability on all who agree to the plan to

15  commit the wrong as well as those who actually carry it out. Therefore a plaintiff

16  is entitled to damages from those defendants who concurred in the tortious

17  scheme with knowledge of its unlawful purpose. Further, the requisite

18  concurrence and knowledge 'may be inferred from the nature of the acts done, the

19  relation of the parties, the interests of the alleged conspirators, and other

20  circumstances. Tacit consent as well as express approval will suffice to hold a

21  person liable as a coconspirator.

22      29. One is subject to liability for conspiracy to defraud if he:

23      (a) does a tortious act in concert with the other or pursuant to a common

24  design with him, or

25      (b) knows that the other's conduct constitutes a breach of duty and gives

26  substantial assistance or encouragement to the other so to conduct himself, or

27  /././

28  /././

1   (c) gives substantial assistance to the other in accomplishing a tortious

2   result and his own conduct, separately considered, constitutes a breach of duty to

3   the third person.  Such liability also extends to those who lend aid or

4   encouragement to the wrongdoer, or ratify and  adopt his acts done for their

5   fraudulent purposes.

6       30.  Plaintiff alleges that the Defendants above and each of them,

7   conspired with one another in connection with the fraudulent scheme to defraud

8   the Plaintiff and other investors in Cuba, by pumping up the value of the stock

9   and then dumping the CUBA stock on the market to induce further investment,

10   and thereby, increasing the value of the stocks which they almost exclusively

11   owned together and such dumping caused the value of the stock to fall to such

12   extent that the other investors such as the Plaintiff has become valueless. of the

13   Defendants above were aware of the fraudulent activities of the others and, each

14   knew that the marketing of the energy drinks was to be short term and for the

15   purpose of pumping up the value of the excessively issued stock, after which the

16   inflated stock was to be dumped on investors for the purpose of selling the excess

17   stock by insiders who held the majority of the stock, based on fraudulent debt

18   restructuring and who then used the money invested by the Plaintiff and other

19   investors, to enrich themselves by siphoning off the capital investments and

20   leaving a shell corporation with no value.  Plaintiff further allege that their

21   conspiracy went beyond mere acquiescence to active participation in the scheme

22   to defraud Plaintiff out of their substantial investment in the various companies /

23   corporations which Defendants and others paid by them had induced them to

24   invest in.

25       31.  Plaintiff further alleges that all of the Defendants concurred in the

26   investment scheme and knew that it was wrongful and had an unlawful purpose

27   and intent and that each gave consent and encouragement to the others in

28   committing the fraudulent acts and failures to disclose and/or, to conceal the

- 9 -

fraud from the Plaintiff. Plaintiff also allege that each of the Defendants were aware of their vulnerability to such a fraudulent scheme, based on their age and limited financial resources.

32. Despite that knowledge, Plaintiff alleges that each of the Defendants agreed in the furtherance of the fraudulent scheme and each of them unjustly profited from the scheme.

33. As a direct and proximate result of the fraudulent conspiracy of the named defendants, the Plaintiff has been caused to suffer economic damages of at least $500,000 and emotional trauma of being victimized by the Defendants, all to her loss and damage. Further, Plaintiff alleges that the acts of the Defendants were intentional, malicious and committed with a conscious disregard for the consequences suffered by the Plaintiff and therefore, punitive damages are appropriate to deter such action by others and that their damages be enhanced pursuant to California Civil Code, 3345, according to the discretion of the judge or jury.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
### INVESTMENT FRAUD
(Asserted against all Defendants)

34. Plaintiff re-alleges and incorporate herein by reference the allegations made in ¶¶ 1 through 33, as fully set forth above.

35. Cal. Corp. Code §25400. "It is unlawful for any person, directly or indirectly, in this state:

(a) For the purpose of creating a false or misleading appearance of active trading in any security or a false or misleading appearance with respect to the market for any security, (1) to effect any transaction in a security which involves no change in the beneficial ownership thereof, or (2) to enter an order or orders for the purchase

of any security with the knowledge that an order or orders of substantially the same size, at substantially the same time and at substantially the same price, for the sale of any such security, has been or will be entered by or for the same or different parties, or (3) to enter an order or orders for the sale of any security with the knowledge that an order or orders of substantially the same size, at substantially the same time and at substantially the same price, for the purchase of any such security, has been or will be entered by or for the same or different parties.

(b) To effect, alone or with one or more other persons, a series of transactions in any security creating actual or apparent active trading in such security or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

(c) If such person is a broker-dealer or other person selling or offering for sale or purchasing or offering to purchase the security, to induce the purchase or sale of any security by the circulation or dissemination of information to the effect that the price of any such security will or is likely to rise or fall because of market operations of any one or more persons conducted for the purpose of raising or depressing the price of such security.

(d) If such person is a broker-dealer or other person selling or offering for sale or purchasing or offering to purchase the security, to make, for the purpose of inducing the purchase or sale of such security by others, any statement which was, at the time and in the light of the circumstances under which it was made, false or misleading with respect to any material fact, or which omitted to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and which he knew or had reasonable ground to believe was so false or misleading.

(e) For a consideration, received directly or indirectly from a broker-dealer or other person selling or offering for sale or purchasing or offering to purchase the security, to induce the purchase or sale of any security by the circulation or dissemination of information to the effect that the price of such security will or is likely to rise or fall because of the market operations of any one or

more persons conducted for the purpose of raising or depressing the price of such security.

36.   Plaintiff alleges the Defendants employed a scheme to deceive and defraud her of the money that she had invested with the Defendants; by devaluing the company stock to such an extent that it has no current value. She alleges that the Defendants made both untrue statements to her and the public about the company that their money was invested with and also omitted critical information about the investments, apart from the names of the companies, including, who owned the companies and the value of the stock invested in these companies.

37.   Plaintiff further alleges the acts of the Defendants and each of them in concert with the others, intended to deceive her as to the true nature and value of the stocks purchased and, by concealing the true status of the corporation, that had no value and were used for purposes of committing investment fraud against the Plaintiff and others, based on the lack of any legitimacy of the corporation (suspended), and complete lack of capitalization of the same. Plaintiff also alleges that the stock values were manipulated by Defendants, artificially pumped up with false reviews by paid promoters, and large amounts of stock transferred to insiders as it was being pumped through bogus debt transfers and that CUBA is nothing more than a Ponzi scheme to convert investor monetary investments to Defendants and blame the loss on the purported product failure.

38.   As a direct and proximate result of the investment fraud of the named defendants, the Plaintiff has been caused to suffer economic damages of at least $500,000 and emotional trauma of being victimized by the Defendants, all

to her loss and damage. Further, Plaintiff alleges that the acts of the Defendants were intentional, malicious and committed with a conscious disregard for the consequences suffered by the Plaintiff and therefore, punitive damages are appropriate to deter such action by others and that her damages be enhanced pursuant to California <u>Civil Code</u>, 3345, according to the discretion of the judge.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

FIFTH CLAIM FOR RELIEF
<u>FRAUDULENT INDUCEMENT</u>
(Asserted Against All Defendants)

39. Plaintiff re-alleges and incorporate herein by reference the allegations made in ¶¶ 1 through 38, as fully set forth above.

40. California law imposes liability on one who falsely induces another to change their legal or financial position to their detriment.  The statutory authority for such imposition is as follows:

<u>California Civil Code</u> §1709, states as follows:

"One who willfully <u>deceives another with intent to induce him to</u>
<u>alter his position to his injury</u> or risk, is liable for any damage which
he thereby suffers."<u>Civil Code</u> §1710 "A deceit, within the meaning
of the last section, is either:

  1. The suggestion, as a fact, of that which is not true, by one who
does not believe it to be true;

  2. The assertion, as a fact, of that which is not true, by one who has
no reasonable ground for believing it to be true;

  3. <u>The suppression of a fact, by one who is bound to disclose it, or</u>
<u>who gives information of other facts which are likely to mislead for</u>
<u>want of communication</u> of that fact"

- 13 -

1    41.  Plaintiff alleges that the Defendants and each of them, made false

2  representations with respect to the value of stock that they were induced to

3  purchase, as to the market opportunities for the health drinks, the transfer of

4  stock to company insiders and other information that was concealed and

5  suppressed by Defendants concerning material information about the corporation

6    42.  Plaintiff further alleges that she was caused to detrimentally change

7  her financial position based on the false representations of the Defendants as to

8  the nature and legitimacy of the company that they was advised to continue to

9  invest with, and that they were financially injured as a result of the

10  misrepresentations and the concealment of the true facts regarding the

11  investments, including the misrepresentations regarding the true value of the

12  Cuba stock at that time, and the prospects for increased value in the future, by

13  Defendant, Shiff, as well as further misrepresentations by the other Defendants,

14  then and thereafter, as to the true value of the stocks and of the Defendants'

15  scheme to artificially pump up the value of the stock and then dump it, which

16  Plaintiff did not realize until the August 15, 2015, quarterly report, showing no

17  value.

18    43.  Plaintiff also alleges that she was justified in relying on the

19  representations of the Defendants regarding the financial condition of Cuba

20  Beverage.

21    44.  Defendants, and particularly Procopio, represented that they had

22  experience and success in the health drink market.  Had the Plaintiff known or

23  had reason to realize that the health drink marketing plan was to be short lived

24  merely to pump up the stock of CUBA with plans to immediately transfer the

25  pumped stock to insiders and then sell it for a huge profit, she would have never

26  further invested in the company, nor changed her financial and legal position in

27  reliance on the presumed direction of the company and financial future. Plaintiff

28  further alleges that the representations by the Defendants and all of them

- 14 -

1  regarding the status of CUBA, were false and made with the intent of inducing
2  Plaintiff to invest and that Plaintiff reasonably relied on such representations to
3  her detriment.

4      45.  As a direct and proximate result of the fraudulent inducement of the
5  named defendants, the Plaintiff has been caused to suffer economic damages
6  of at least $500,000 and emotional trauma of being victimized by the Defendants,
7  all to her loss and damage. Further, Plaintiff alleges that the acts of the
8  Defendants were intentional, malicious and committed with a conscious disregard
9  for the consequences suffered by the Plaintiff and therefore, punitive damages
10 are appropriate to deter such action by others and that her damages be enhanced
11 pursuant to California Civil Code, 3345, according to the discretion of the judge
12 or jury.

13      WHEREFORE, Plaintiff pray judgement against Defendants, and each of
14 them, as hereinafter set forth.

15                    SIXTH CLAIM FOR RELIEF
16                    CONCEALMENT FRAUD
17                 (Asserted Against All Defendants)
18      46.  Plaintiff re-allege and incorporate herein by reference the allegations
19 made in ¶¶ 1 through 45, as fully set forth above.

20      47.  Concealment fraud occurs when there is a fiduciary or other
21 confidential relationship between the parties imposing a duty of full disclosure.
22 The concealing person, with an intention to deceive, does not disclose important
23 facts that the concealing person knows but the victim does not and could not
24 know. Further, the victim reasonably relied on and was harmed by the
25 concealment.

26      48. There are four  circumstances in which nondisclosure or concealment
27 may constitute actionable fraud:
28      1) when the defendant is in a fiduciary relationship with the plaintiff;

(2) when the defendant had exclusive knowledge of material facts not known to the plaintiff;

(3) when the defendant actively conceals a material fact from the plaintiff; and;

(4) when the defendant makes partial representations but also suppresses some material facts.

49. Plaintiff alleges that Defendant, Procopio, and other of the Defendants, owed to her a duty of full disclosure of all relevant and material facts regarding the nature of their investments and the true status of the company that her money was being invested with, based on their status as officers and insiders of that company, which created a fiduciary and confidential relationship.

50. Plaintiff further alleges that Defendant, Procopio and others in conspiracy with him, failed and even refused, to disclose the true financial and legal status of Cuba Beverage that her money was invested in and the true value of the stocks purchased and held by her and instead, actively and fraudulently, suppressed and concealed the true nature of Plaintiffs' investments to hide their wrongful conduct in artificially pumping and dumping the corporate stock to siphon off the Plaintiffs' monetary investment without any disclosure of the same or any oversight of any kind.

51. As a direct and proximate result of the fraudulent concealment of the named defendants, the Plaintiff has been caused to suffer economic damages of at least $500,000 and emotional trauma of being victimized by the Defendants, all to their loss and damage. Further, Plaintiff alleges that the acts of the Defendants were intentional, malicious and committed with a conscious disregard for the consequences suffered by the Plaintiff and therefore, punitive damages are appropriate to deter such action by others and that their damages be enhanced pursuant to California Civil Code, 3345, according to the discretion of the judge or jury.

SEVENTH CLAIM FOR RELIEF

CONSTRUCTIVE FRAUD

(Asserted against all Defendants)

52, Plaintiff re-alleges and incorporates herein by reference the allegations made in ¶¶ 1 through 51, as fully set forth above.

53. Constructive fraud consists of any breach of duty in which one without actual fraudulent intent, gains an advantage to the person at fault, or any one claiming under the person at fault, by misleading another to the prejudice of the person misled, or to the prejudice of anyone claiming under the person misled. In addition, constructive fraud consists of any act or omission that the law specially declares to be fraudulent, without respect to actual fraud.

54. In its generic sense, constructive fraud comprises all acts, omissions and concealments involving a breach of legal or equitable duty, trust, or confidence, and resulting in damage to another.  Constructive fraud exists in cases in which conduct, although not actually fraudulent, ought to be so treated-- that is, in which such conduct is a constructive or quasi fraud, having all the actual consequences and all the legal effects of actual fraud.

a.  In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or,

b.  In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud."

55. Constructive fraud comprises any act, omission or concealment involving a breach of legal or equitable duty, trust or confidence which results in damage to another, even though the conduct is not otherwise fraudulent. If a fiduciary relationship exists, any concealment of material fact is fraud.  Unlike actual fraud, constructive fraud does not require an intentional deception, an "intent to deceive being implied from the failure to disclose.

- 17 -

1    Further, reasonable reliance is presumed upon a nondisclosure of the
2    fiduciary, absent direct evidence of lack of reliance.

3    56. Plaintiff alleges that Defendants, who were agents of the Plaintiff,
4    due to their status as corporate officers and insiders of Cuba Beverage, owed
5    fiduciary duties to the Plaintiff based on the confidential relationship that
6    existed between them, and based on such fiduciary relationship. Plaintiff further
7    alleges that Procopio and the other Defendants, in concert with him, owed duties
8    to the Plaintiff to fully disclose all aspects of the investments being made by the
9    Plaintiff. Such duties also prohibited Procopio and others in concert with him
10   from engaging in self-dealing in an exclusively beneficial manner, as well as a
11   duty of loyalty to the Plaintiff which she claim was breached.

12   57. Plaintiff alleges that Defendants Procopio and others in concert with
13   him, breached those duties by gaining an advantage over the Plaintiff, by
14   engaging in self-dealing, in that the Defendants engaged in concealed conduct by
15   hiring promoters to pump up the CUBA stock and then dumping the stock and
16   siphoning off their investments by means of insider trading for their own use and
17   benefit, in an unjust manner and in circumvention of the fiduciary duties.

18   58. As a direct and proximate result of the breaches of fiduciary and
19   confidential duties by the named defendants, the Plaintiff has been caused to
20   suffer economic damages of at least $500,000 and the emotional trauma of being
21   victimized by the Defendants, all to her loss and damage. Further, Plaintiff
22   alleges that the acts of the Defendants were intentional, malicious and committed
23   with a conscious disregard for the duties owed and the consequences suffered by
24   the Plaintiff and therefore, punitive damages are appropriate to deter such action
25   by others and that their damages be enhanced pursuant to California Civil Code,
26   3345, according to the discretion of the judge or jury.

27   WHEREFORE, Plaintiff prays judgment against Defendants, and each of
28   them, as hereinafter set forth.

EIGHTH CLAIM FOR RELIEF

MONETARY CONVERSION

(As to All Defendants)

59. Plaintiff re-alleges and incorporate herein by reference the allegations made in ¶¶ 1 through 58, as fully set forth above.

60. California cases permitting an action for conversion of money typically involve those who have misappropriated, commingled, or misapplied specific funds held for the benefit of others. Thus, a claim for conversion may be stated when there is a special relationship between the parties where the defendant has a duty to retain or apply funds on the plaintiff's behalf, such as investments, the remedy of conversion is proper.

61. Plaintiff alleges that Defendant, Procopio and other officers and insiders of Cuba, were fiduciaries of the Plaintiff, based on the confidential nature of the relationship between the parties, in their capacity as officers of Cuba Beverage and managing the Plaintiff' money for investment purposes.

62. Plaintiff further alleges that the Defendants breached those duties, by misappropriating corporate funds, allowing the corporation to become suspended and unable to legally operate, by devaluing the stock of the corporation and incurring excessive debt, further affecting the value of the stock, in direct violation of their fiduciary duties owed to the Plaintiff, including, but not limited to, those prohibiting self-dealing and duties of loyalty an accounting and full disclosure.

63. As a direct and proximate result of the fraudulent conspiracy of the named defendants, the Plaintiff has been caused to suffer economic damages of at least $500,000 and emotional trauma of being victimized by the Defendants, all to her loss and damage.

/././

1    Further, Plaintiff alleges that the acts of the Defendants above were
2  intentional, malicious and committed with a conscious disregard for the
3  consequences suffered by the Plaintiff and therefore, punitive damages are
4  appropriate to deter such action by others and that her damages be enhanced
5  pursuant to California <u>Civil Code</u>, 3345, according to the discretion of the judge
6  or jury.
7    WHEREFORE, Plaintiff pray judgment against Defendants, and each of
8  them, as hereinafter set forth.

NINTH CLAIM FOR RELIEF
ACCOUNTING
(As to All Defendants

12   64.  Plaintiff re-alleges and incorporates herein by reference the allegations
13  made in ¶¶ 1 through 63, as fully set forth above.
14   65.  It is a well-established rule that an action for an accounting is a matter
15  of equity jurisdiction. An accounting is sufficiently stated where the allegations
16  of the complaint show that the defendant was the trusted agent of the plaintiff,
17  acting in a fiduciary capacity, and having for a long period of time the entire
18  charge and control of plaintiff's business, and that by various kinds of misconduct
19  which are specially described, defendant caused losses and became liable in
20  various sums of money, the true amounts of which cannot be ascertained and
21  determined without an accounting, there is sufficient ground for an accounting in
22  equity.  A cause of action seeking an accounting requires the following:  (1) a
23  confidential relationship; (2) an oral agreement pursuant to which respondents
24  became the trusted agents of appellant to handle his money and invest the same in
25  sound securities for his benefit; (3) misconduct of respondents who, contrary to
26  the terms of the agreement, bought and sold speculative and unsound securities
27  with appellant's money for their own gain and secret profit;  (4) resulting loss to
28  appellant which cannot be ascertained without an accounting,  the means of

1   which are within the knowledge of respondents.

2       66. Plaintiff alleges that a confidential relationship existed between her

3   and the named Defendants above and Procopio in particular, were acting as the

4   controlling officers of Cuba Beverage and by extension, agents of the Plaintiff,

5   and owed to her a duty of full disclosure as to the debts and assets and the value

6   of her stock as well as full disclosure and accounting of the expenses and

7   income derived from the health drink marketing, among other details of the

8   corporate management that would in any way materially affect the value and

9   security of the Plaintiff' stocks.

10      Further, they were acting in the capacity of trusted agents entrusted with

11  the prudent management of those monies they obtained from the sale of CUBA

12  stock to the Plaintiff and other investors in the company.

13      67. Plaintiff further alleges that the Defendants have failed and refused to

14  provide her with any information concerning the financial status of the

15  company and value of the stocks they own, despite written request for the same,

16  and an existing court order to provide such accounting and disclosure.

17      Those attempted inquiries by the Plaintiff have been routinely ignored by

18  the Defendants and they has no other means of compelling disclosure of the

19  status of their investments, absent an order re: Contempt from the court

20  compelling the Defendants to fully account for all of the investments made on

21  behalf of the Plaintiff and the amount and value of the stock, the debts incurred,

22  the health drink financials and full disclosure of all stocks transfers.

23      WHEREFORE, Plaintiff seeks an Order to Show Cause re: Contempt from

24  the court sua sponte or by noticed motion, for a full accounting of the information

25  above.

26  /././

27  /././

28  /././

- 21 -

TENTH CLAIM FOR RELIEF

CONSTRUCTIVE TRUST

(As to All Defendants)

68. Plaintiff re-alleges and incorporates herein by reference the allegations made in ¶¶ 1 through 67, as fully set forth above.

69. A constructive trust is an involuntary equitable trust created by operation of law as a remedy to compel the transfer of property from the person wrongfully holding it to the rightful owner. The essence of the theory of constructive trust is to prevent unjust enrichment and to prevent a person from taking advantage of his or her own wrongdoing. A constructive trust may only be imposed where the following three conditions are satisfied: (1) the existence of a *res* (property or some interest in property); (2) the *right* of a complaining party to that res; and (3) some *wrongful* acquisition or detention of the res by another party who is not entitled to it.

70. As alleged above, the Defendants, and particularly, Defendant, Procopio were, and are agents of the Plaintiff, based on their fiduciary relationship to them as officers and managers of Cuba Beverage. Also as alleged above, the Defendants and each of them have breached their fiduciary duties to them and have engaged in insider self-dealing and disloyalty to them.

71. Based on the allegations above, the Plaintiff seeks the imposition of a constructive trust on any and all personal assets of the Defendants and particularly those of Procopio, to prevent their dissipation and to allow the Plaintiff to trace the misappropriation of her investment monies to any and all assets transferred to or by the Defendants, including all monies received from the sale of Cuba Beverage stock with the value of those assets upon a judgment in their favor in this matter.

WHEREFORE, Plaintiff pray judgment against Defendants, and each of them, as hereinafter set forth.

ELEVENTH CAUSE OF ACTION

BREACH OF FIDUCIARY DUTIES

And Aiding And Abetting Thereof

(As to All Defendants)

72.  Plaintiff re-alleges and incorporates herein by reference the allegations made in ¶¶ 1 through 71, as fully set forth above.

73. To establish a cause of action for breach of fiduciary duty, a plaintiff must demonstrate the existence of a fiduciary relationship, breach of that duty, and damages.  Various relationships can give rise to fiduciary responsibilities. The trusted management by officers of a corporation of the investments in the company by those such as the Plaintiff imposes on such officers and managers of a corporation, the utmost duties to properly manage such investments, and avoid insider self-dealing and disloyalty to the corporation and stockholders.

74.  Where a fiduciary relationship exists, the usual duty of diligence to discover facts does not exist as one is entitled to rely on the good faith of their agent.  Plaintiff allege that the Defendants, and each of them, violated their collective fiduciary duties owed to them, and have done so consistently and repetitively, though the discovery of such breaches has been very recent.

75.  Plaintiff further alleges that the breaches of the fiduciary duties owed to the Plaintiff, has resulted in their sustaining losses occasioned by the dissipation of her investment monies due to the self-dealing of the individual defendants in using their corporate positions of trust as their own private piggy bank, filled with the deposits of stockholders such as the Plaintiff.

76.  As a direct and proximate result of the violations of the Defendants' fiduciary duties to the Plaintiff, she has been caused to suffer economic damages of at least $500,000 and emotional trauma of being victimized by the Defendants, all to their loss and damage.

/././

1    Further, Plaintiff alleges that the acts of the Defendants were intentional,

2  malicious and committed with a conscious disregard for the consequences

3  suffered by the Plaintiff and therefore, punitive damages are appropriate to deter

4  such action by others and that their damages be enhanced pursuant to California

5  Civil Code, 3345, according to the discretion of the judge or jury.

6    WHEREFORE, Plaintiff pray judgment against Defendants, and each of

7  them, as hereinafter set forth.

8    TWELFTH CAUSE OF ACTION

9    RESTITUTION (Unjust Enrichment)

10    (As to All Defendants)

11    77.  Plaintiff re-allege and incorporate herein by reference the allegations

12  made in ¶¶ 1 through 76, as fully set forth above..

13    78.  California courts have recognized multiple grounds for awarding

14  restitution. Under the law of restitution, an individual is required to make

15  restitution if he or she is unjustly enriched at the expense of another.  Restitution

16  may be awarded: (1) in lieu of breach of contract damages when the parties had

17  an express contract, but it was procured by fraud or is unenforceable or

18  ineffective for some reason, or (2) when a Defendant obtained a benefit from the

19  plaintiff by fraud, duress, conversion, or similar conduct.

20    California law recognizes that a plaintiff may elect which *remedy* to seek.

21  Under the law of restitution, an individual is required to make restitution if he or

22  she is unjustly enriched at the expense of another.

23    A person is enriched if the person receives a  benefit at another's expense.

24  In addition, California statutory law provides that  restitution may be obtained

25  when one obtains something from the owner without  consent, or by fraudulently

26  obtained consent, and must restore it to the owner  from whom it was obtained.

27  /./.

28  /./.

- 24 -

79.  Plaintiff alleges that the Defendants have used their positions as officers and insiders in the Cuba Beverage Company, managed by, the Defendants, who used the money invested by the Plaintiff and others to enrich themselves and used their investments as a personal slush fund to use for their own personal purposes, such as racing, and have been unjustly enriched thereby.

80.  Based on the unjust enrichment of the Defendants as alleged herein above, the Plaintiff seek restitution with interest, of all monies that they invested with the Defendants, that have since been converted for the Defendants own uses and purposes, in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants and each of them as follows:

1.  For all compensatory damages incurred according to proof;

2.  For all consequential damages incurred according to proof;

3.  For all special damages according to proof;

4.  For punitive damages sufficient to punish the Defendants and act as a deterrent to others;

5.  For all statutory damages as applicable;

6.  For attorney's fees and costs of suit as incurred;

7.  For Equitable relief, providing for an accounting, a constructive trust and restitution;

8.  For such other relief that the court may deem just and proper.

Dated: 10/19/2017                      By: _Margaret Willett_

                                            Margaret Willett / Plaintiff

**VERIFICATION**

UNITED STATES DIST. COURT

:§§    WILLETT vs. PROCOPIO, ET AL.

SOUTHERN DIST. CALIFORNIA

I, MARGARET WILLETT , if called upon to testify as a witness, would and competently do so of my own personal knowledge and do now declare as follows:

I am a party to this action. I have read the foregoing document, entitled **VERIFIED COMPLAINT FOR DAMAGES,** and know its contents. The matters stated are true of my own knowledge and belief, and as to those matters I believe them to be true.

I hereby declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Date:  October 19, 2017        By: _Margaret Willett_

Margaret Willett / Plaintiff

- 26 -